IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DONALD W. LASITER, )
 )
        Plaintiff, )
 )
 ) Case No. CIV-19-385-JFH-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Donald W. Lasiter (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because he incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 54 years old at the time of the ALJ's decision. He has a high school education with four years of college and worked in the past as a furniture salesperson, collector, automobile salesperson, and telephone solicitor. Claimant alleges an inability to work beginning on November 1, 2010, due to limitations resulting from degenerative disc disease of the cervical and lumbar spine, obesity, depression, borderline personality disorder, anxiety, and attention deficit hyperactivity disorder (ADHD).

## Procedural History

On March 15, 2017, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401,

3

*et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 27, 2018, ALJ Deirdre O. Dexter conducted a video hearing in Tulsa, Oklahoma, and Claimant was present from Muskogee, Oklahoma. On January 18, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on September 18, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with additional limitations.

### Errors Alleged for Review

Claimant's sole contention of error is that the ALJ failed to resolve conflicts between the *Dictionary of Occupational Titles* ("DOT") and the testimony of the vocational expert ("VE").

### Step Five Analysis

In her decision, the ALJ found Claimant suffered from degenerative disc disease of the cervical and lumbar spine, obesity, depression, borderline personality disorder, anxiety, and ADHD. (Tr. 17-18). She determined Claimant could perform light

4

work with additional limitations. In so doing, the ALJ found Claimant could lift, carry, push or pull up to 20 pounds occasionally and 10 pounds frequently; sit up to six hours in an eight-hour workday; and stand and/or walk up to six hours in an eight-hour workday. The need to change positions could be accommodated by the 15-minute breaks in the morning and afternoon and the 30-minute lunch period. Claimant could never climb ladders, ropes, scaffolds, or crawl, and he could occasionally climb ramps or stairs, stoop, kneel, or crouch. His job should not involve overhead reaching or lifting. Claimant was limited to simple, routine, and repetitive tasks, able to make simple work-related decisions, able to make simple work plans, or set up simple work goals independently of others. He could interact with supervisors as needed to receive work instructions. Claimant could work in proximity to co-workers, but he should not have required close cooperation or communication with co-workers in order to complete work tasks. He should not interact with the general public. Claimant's job should not involve more than ordinary and routine changes in the work setting or job duties. (Tr. 20-21).

After consultation with the VE, the ALJ determined Claimant could perform the representative jobs of marker, office helper, and food product sorter, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 26-27). As a result, the ALJ concluded Claimant was not under a disability from

5

November 1, 2010, through December 31, 2015, the date last insured. (Tr. 27).

Claimant first contends the ALJ's step-five determination that he can perform the jobs of marker and office helper is unsupported by his RFC and the job descriptions in the DOT. Claimant asserts that the two positions are precluded because they require a reasoning level of two, which is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *See* DOT # 209.587-034 (marker), 1991 WL 671802 (4th Ed., Rev. 1991); DOT # 239.567-010 (office helper), 1991 WL 672232 (4th Ed., Rev. 1991). He maintains the job descriptions in the DOT are inconsistent with the limitation included in his RFC for "simple" work tasks. He argues the ALJ failed to resolve the conflict between the DOT and the VE's testimony.

A review of the hearing testimony reveals that the hypothetical posed to the VE, which was later incorporated by the ALJ into the RFC, included, among others, limitations that Claimant could perform simple, routine, and repetitive tasks, make simple work-related decisions, make simple work plans, or set simple work goals independently of others. Claimant could interact with supervisors as needed to receive work instructions, but his job should not require close cooperation or communication with co-workers in order to complete work tasks. He should not interact

with the general public. Claimant's job should not involve more than ordinary and routine changes in the work setting or work duties. (Tr. 58-60). Based on the ALJ's hypothetical question, the VE testified Claimant could not perform his past relevant work, but he could perform the jobs of marker (DOT # 209.587-034), office helper (DOT # 239.567-010), and food product sorter (DOT # 529.687-186). The VE also testified her testimony was consistent with the DOT. (Tr. 60).

In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit found that jobs with a reasoning level of 3 were inconsistent with an RFC that limited the claimant to "simple and routine work tasks." The court noted "that level-two reasoning requires the worker to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations.' DOT, Vol. II at 1011. This level-two reasoning appears more consistent with Plaintiff's RFC." *Id*. Based on *Hackett*, the jobs of marker and office worker are available to Claimant, as both have a reasoning level of 2. In any event, even under Claimant's argument, the job of food product sorter would be available, as it has a reasoning level of 1. *See* DOT # 529.687-186, 1991 WL 674781 (4th Ed., Rev. 1991).

Claimant next argues that all three of the jobs are precluded because they require "excessive interaction" with supervisors and

7

co-workers. In the RFC, the ALJ included a limitation that Claimant was able to interact with supervisors as needed to receive work instructions and could work in proximity to co-workers, but a job should not require close cooperation or communication with co-workers in order to compete work tasks.

Regarding the office helper position, the ALJ specifically questioned the VE whether the position would require constant interaction with other people during a workday. The VE testified based on the positions she observed that there would not be interaction with the general public and agreed with the VE that there would not be "a lot" of interaction with co-workers. (Tr. 60-61). The DOT job description does suggest contact between the office helper and other workers when performing several of the listed duties. Although the DOT description indicates that "[s]peaking-[s]ignalling" under the category of "[p]eople" is "[n]ot [s]ignificant," the position requires occasional talking, existing up to one-third of the time. The ALJ discussed the inconsistency with the VE at the hearing, but she did not explain how the conflict was resolved in the decision. *See* Soc. Sec Rul. 00-4P, 2000 WL 1898704 (Dec. 4, 2000).

However, because the ALJ and VE must only identify a single job that Claimant may perform, this Court will consider the jobs of marker and food product sorter. The job description for the marker position states that the marker "may compare printed tickets

8

with entries on purchase order to verify accuracy and notify supervisor of discrepancies" and indicates that "[t]aking instructions-[h]elping" is "[n]ot [s]ignificant" under the category of "[p]eople." It also states that the activity of "[t]alking," is not present for the position. *See* DOT #209.587-034. Regarding the food product sorter position, the job description states the worker "[s]egregates produce on conveyor belt or table, working as crewmember" and indicates that "[t]aking instructions-[h]elping" is "[n]ot [s]ignificant" under the category of "[p]eople." It also states that the activity of "[t]alking," is not present for the position. *See* DOT # 529-687-186. The DOT descriptions for marker and food product sorter do not suggest that the positions require "excessive interaction" with supervisors or co-workers.

As discussed herein, even if Claimant's RFC is considered inconsistent with the DOT job descriptions for marker and office helper, Claimant can still perform the job of food product sorter, with a reasoning level of 1 and no "excessive interaction" with supervisors and co-workers. *See Nunn v. Apfel*, 1998 WL 321189, at *2 (10th Cir. 1998) ("Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken," if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled). This is sufficient to satisfy the required step-five analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 2nd day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE